v. N. Y. City Ry. Co. [not yet officially reported] 103 N. Y. Supp. 486), nevertheless it must be held that it is not essential that the act of paying fare and the request for a transfer should occur at the same second of time. It cannot be truthfully said that, under the circumstances established by the proof, the refusal of the conductor was through "inadvertence or mistake"; but, on the contrary, it was a deliberate and persistent refusal. The complaint alleged that "after having paid his fare the passenger demanded a transfer," and it is urged that it was error to allow the plaintiff and his witnesses to testify that he had made such a demand "at the time he paid his fare." This is not such a variance between the pleading and the proof as to be worthy of comment.

Judgment affirmed, with costs. All concur.

FISCHER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

CARRIERS—STREET RAILWAYS—PASSENGERS—TRANSFERS—REASONABLENESS OF RULE.

A street railway company's rule requiring a passenger to demand a transfer when he pays his fare is reasonable and enforceable.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Max Fischer against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William E. Weaver, for appellant.

Samuel M. Fischer, for respondent.

PER CURIAM. The plaintiff in this action recovered a judgment against the defendant for a penalty for failure to give a transfer while the plaintiff was a passenger on one of its cars. The plaintiff boarded a north-bound car at Chambers street and Broadway. He rode until he reached Twenty-Third street. The car there turning into Lexington avenue, he for the first time asked the conductor for a transfer, which was refused. He then left the car and boarded a Twenty-Third Street car, paying another fare.

The reasonableness of the rule promulgated by the defendant, requiring a passenger to ask for a transfer at the time he pays a fare, has been upheld by the Appellate Division in the case of Ketchum v. N. Y. City Ry. Co. (recently decided by that court) 103 N. Y. Supp. 486. The judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.